106 F.3d 422
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert E. AUMAN, Sr., Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7073.
 United States Court of Appeals, Federal Circuit.
 April 01, 1996.
 
 Vet.App.
 DISMISSED
 Before SCHALL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 BRYSON, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Robert E. Auman, Sr.'s appeal for lack of jurisdiction. Auman has not responded.
 
 
 2
 In 1990, Auman sought to reopen his claims for entitlement to service connection for hypertension and for psychiatric, bilateral shoulder, back, hip, stomach, and kidney disorders. The Board of Veterans Appeals denied his application to reopen his claims on the ground that he had failed to submit new and material evidence. The Court of Veterans Appeals affirmed the Board's decision and concluded that the evidence provided by Auman was cumulative and did not link his claimed medical conditions to service. Auman appealed to this court.
 
 
 3
 Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Veterans Appeals is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Veterans Appeals with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet these criteria, § 7292(d) requires this court to dismiss the appeal.
 
 
 4
 In his informal brief, Auman contends that the Court of Veterans Appeals erred in its determination that certain evidence submitted by Auman was not "new and material." Auman also argues that the Court of Veterans Appeals should have determined that his psychiatric disability did not exist prior to his military service. In essence, Auman is challenging findings of fact and the application of the law to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.